**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 1:15-cv-02026-WJM

WILDEARTH GUARDIANS,

     Plaintiff,

v.

SALLY JEWELL, in her official capacity as U.S. Secretary of the Interior,
U.S. OFFICE OF SURFACE MINING AND RECLAMATION, and
U.S. DEPARTMENT OF THE INTERIOR,

     Defendants.

---

**ORDER GRANTING PROPOSED INTERVENORS' MOTIONS TO INTERVENE**

---

This action is brought by Plaintiff WildEarth Guardians ("Plaintiff") seeking judicial review of agency actions taken by Defendants U.S. Department of the Interior, U.S. Office of Surface Mining and Reclamation, and Sally Jewell in her capacity as the U.S. Secretary of the Interior (collectively, "Defendants").  (ECF No. 1.)  Plaintiff challenges Defendants' approval of mining plans authorizing federal coal development in Colorado, New Mexico, and Wyoming, under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4231 *et seq.*  (*Id.*)  After this action was filed, the Court received Motions to Intervene ("Motions") from the State of Wyoming (ECF No. 11) and from the entities operating each of the mines whose approval Plaintiff challenges, namely Antelope Coal LLC, New Mexico Coal Resources, LLC, Bowie Resources, LLC, and Thunder Basin Coal Co., LLC (collectively, "Movants") (ECF Nos. 13, 16, 24, 30).  For the reasons set forth below, the Motions are granted.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, the court must permit intervention as of right to anyone who

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  Under Tenth Circuit law interpreting this rule, "an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties."  *Elliott Indus. Ltd. P'ship v. B.P. Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).  "The Tenth Circuit generally follows a liberal view in allowing intervention under Rule 24(a)."  *Id.*

Permissive intervention is governed by Federal Rule of Civil Procedure 24(b)(1)(B), which provides that, on timely motion, the Court may permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  The decision whether or not to grant a motion for permissive intervention under Rule 24(b) is within the district court's discretion.  *See, e.g.*, *City of Stilwell v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996).  In exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

2

## II.  ANALYSIS

Movants each seek to intervene as a matter of right under Rule 24(a), and in the alternative, permissively under Rule 24(b).  (ECF Nos. 11, 13, 16, 24, 30.)  Because the Court finds that the Movants are entitled to intervene of right under Rule 24(a), it need not address Movants' alternative request.  *See Lower Ark. Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 690 (D. Colo. 2008).  Plaintiff does not oppose Movants' intervention, but argues that certain conditions should be placed upon their participation in this case.  (ECF Nos. 28, 41.)

The Court easily concludes that the Motions were timely.  "The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances."  *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (internal quotation marks omitted).  All five Motions were filed within three months of the Complaint in this case, and before any Answer has been filed by Defendants.  Neither Plaintiff nor Defendants object to the timeliness of the Motions, and there is no apparent prejudice to any party.

Next, the prospective intervenor must show that it has "an interest relating to the property or transaction that is the subject of the action . . . ."  Fed. R. Civ. P. 24(a)(2); *Elliott Indus.*, 407 F.3d at 1103.  Movants must also show that their ability to protect their interests may be impaired or impeded by disposition of this action in their absence.  *Id.*  Here, the entities operating the four coal mines at issue have an obvious, significant

interest relating to this action: Plaintiff challenges Defendants' approval of the mining plans that govern operation of the mines, and seeks an injunction on their continued mining.  (*See* ECF No. 1 at 2, 37.)  Consequently, these entities' abilities to protect their interests could be impaired by a disposition in Plaintiff's favor without their participation.  As to Wyoming, the fourth Movant, it asserts that it has a regulatory interest regarding coal mining in the state, as well as an economic interest in the tax revenue and jobs in the communities where the Wyoming mines are located.  (ECF No. 12 at 7–10.)  These interests would also be impaired by Wyoming's inability to participate in this case.  (*Id.* at 10–11.)  As such, the Court finds that Movants each have an interest sufficiently relating to the subject of the action, and those interests could be impaired without their participation.

Finally, Movants must show that their interests are not adequately represented by existing parties.  Fed. R. Civ. P. 24(a)(2); *Elliott Indus.*, 407 F.3d at 1103.  First, as to the private intervenors (all Movants except for Wyoming), the Tenth Circuit has previously recognized that governmental defendants often cannot adequately represent the interests of a non-governmental organization.  *Nat'l Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977) ("an agency seeking to protect both the public interest and the interest of a private intervenor undertakes a task which is on its face impossible"); *see also Dimond v. Dist. of Columbia*, 792 F.2d 179, 192–93 (D.C. Cir. 1986) (noting that "a governmental entity charged by law with representing the public interest of its citizens might shirk its duty were it to advance the narrower interest of a private entity").  Because the current Defendants are federal agencies or

representatives thereof, the Court finds that the private Movants' interests are not presently adequately represented in this action.

As for Wyoming, while it is a governmental entity, its interests nevertheless differ significantly from that of Defendants.  "The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy this minimal burden." *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir. 2002) (internal quotation marks omitted).  The Court finds that there is a substantial possibility that Wyoming's regulatory and economic interests will not be adequately protected without Wyoming's intervention.

In sum, the Court finds that Movants have satisfied all requirements for intervention of right under Rule 24(a)(2).  However, the Court must also consider Plaintiff's request, in its Responses to the Motions, to impose limitations on Movants' participation.  (ECF Nos. 28, 41.)  Plaintiff argues that Movants' intervention should be limited in order to avoid duplicative filings, excessive briefing, and undue burdens on the parties and the Court.  (ECF No. 28 at 28.)  Plaintiff therefore proposes that Movants be required to limit the scope of their arguments, confer with Defendants prior to filing any brief, restrict their briefing to issues that Defendants decline to address, and—solely as to the mine intervenors—submit joint consolidated briefs rather than a separate one for each entity.  (*Id.*)

The Court finds that an order imposing such limitations would be premature at this time.  While the Court certainly, and strongly, encourages Movants to confer with Defendants and amongst themselves, to jointly file briefs where they assert the same argument, and to avoid filing duplicative motions and briefs, imposing those limitations

5

could also prevent Movants from effectively representing their interests, which is the very purpose of their intervention in this case.  Furthermore, as Movants indicate in their various Replies, it would be inefficient to attempt to impose such limitations on the intervenors before Defendants' Motion to Sever and Transfer is resolved.  (*See* ECF Nos. 29, 37, 39, 40.)  If the Motion to Sever and Transfer were granted in whole or in part, certain intervenors' interests would effectively be severed and transferred with the relevant claims to be resolved in other districts.  But briefing on that motion is currently stayed, and it is therefore not yet ripe for resolution.  (*See* ECF No. 54 (granting an extension of time for Defendants' reply until ten days after the stay is lifted).)

Plaintiff's request for limitations on the intervenors is therefore denied without prejudice.  However, should the posture of this case in the future raise the issue of filing limitations and conferral requirements of the type Plaintiff suggests, the Court will not hesitate to consider imposing such restrictions if necessary to avoid significant delay or prejudice to the parties.  *See Animal Protection Inst. v. Merriam*, 242 F.R.D. 524, 529 (D. Minn. 2006) (discussing the scope of potential limitations on an intervenor).

## III.  CONCLUSION

For the reasons set forth above, the Motions to Intervene (ECF Nos. 11, 13, 16, 24, 30) are GRANTED.  The Clerk and all parties shall amend the caption of this case in future filings to reflect that the State of Wyoming, Antelope Coal LLC, New Mexico Coal Resources, LLC, Bowie Resources, LLC, and Thunder Basin Coal Co., LLC, are Intervenor-Defendants in this action.

Dated this 18th day of February, 2016.

BY THE COURT:

William J. Martinez
United States District Judge